IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, *Plaintiff* | § § § § § § § § § § | SA-21-CV-00650-XR |
| -vs- | | |
| ALL IN CONSTRUCTION, LLC, ALL FOUNDATION REPAIR, LLC, RAUL A. ORTIZ, *Defendants* | | |

## ORDER

On this date, the Court considered the status of this case. After careful consideration, the Court issues the following order.

## BACKGROUND

On February 16, 2022, Defendants' counsel moved to withdraw from representation. ECF No. 19. Because the motion complied with Local Rule AT-3 and Defendants' counsel showed good cause, the Court permitted counsel to withdraw. ECF No. 20. As two of three Defendants are LLCs and cannot appear without counsel, the Court then ordered all Defendants to (1) file a written advisory to the Court that they intend to proceed without counsel; (2) obtain new counsel and have that counsel enter a written appearance; or (3) move for additional time to comply with the Court's order. *Id.* Defendants did not comply with the Court's order.

The Court subsequently ordered Defendants to submit an advisory in accordance with its February 17, 2022, order no later than June 15, 2022. ECF No. 22. In that order, the Court cautioned Defendants that failure to comply would result in sanctions pursuant to Federal Rule of Civil Procedure 37, including striking Defendants' pleadings and rendering a default judgment against Defendants. *Id.* Defendants failed to comply with the Court's order.

1

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(iii) permits a court to strike pleadings in whole or in part for a party's failure to abide by discovery orders. Similarly, Rule 37(b)(2)(vi) allows the court to render a default judgment against the disobedient party. To be sure, default judgment is a "drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Nonetheless, it is an appropriate remedy when a party disobeys a court order. *See United States v. $49,000 Currency*, 330 F.3d 371, 376–78 (5th Cir. 2003) (affirming the district court's sanction of striking a party's pleading and rendering default judgment when a party disobeyed a court order). Two criteria must be met for a court to strike a party's pleadings and enter default judgment. First, the sanctioned party's violation must be willful. *Id.* at 376. Second, a lesser sanction would not achieve the desired deterrent effect. *Id.*

### II.    Analysis

Because Defendants' failure to comply with the Court's order was willful and a lesser sanction would not achieve the desired deterrent effect, the Court concludes that striking the Defendants' pleadings and entering default judgment is an appropriate sanction in this case.

#### A.  Defendants' violations of the Court's orders were willful.

Defendants, after twice being ordered to obtain counsel (or, in Defendant Ortiz's case, to notify the Court if he was proceeding in this case *pro se*), have failed to notify the Court whether they have obtained counsel or are in the process of obtaining counsel. *See* ECF Nos. 20, 22. When a party chooses not to comply with court orders, then the party acts willfully in its violation. *Calsep, Inc. v. Intelligent Petroleum Software Solutions, LLC*, No. 4:19-CV-1118,

2020 WL 7249831, at *3 (S.D. Tex. Nov. 18, 2020).[1] Accordingly, the Court finds that Defendants violated the Court's orders willfully.

### B. A lesser sanction would not achieve the desired deterrent effect.

Rule 37 provides that a court may issue the following sanctions when a party disobeys a court's order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Only sanctions (iii) striking pleadings in whole or in part; and (vi) rendering a default judgment against the disobedient party will achieve the desired deterrent effect. Sanctions (i) and (ii) are not relevant in this case. Sanction (v) is aimed at plaintiffs who fail to comply with court orders. Further, sanctions (iv) and (vii) contemplate lengthening this litigation, which would unfairly prejudice Plaintiff as there is already a pending motion for summary judgment before the Court. Additionally, Defendants have failed to respond to the Court's orders repeatedly. Continuing to delay this case will only serve to benefit Defendants. Therefore, lesser sanctions are not appropriate as they are either inapplicable or will not achieve the desired deterrent effect.

---

[1] While the Clerk was unable to successfully mail Defendants the Court's May 31, 2022, order, this was due to Defendants' failure to update their address in compliance with Local Rule CV-10(d). *See* ECF Nos. 23, 24, 25, 26.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** Defendants' Answer (ECF No. 9) struck and **DIRECTS** the Clerk to enter default against all Defendants.

Plaintiff is **ORDERED** to move for default judgment by **July 5, 2022**. In its motion for default judgment, Plaintiff should be sure to include briefing as to the issue of damages. It is further **ORDERED** that Plaintiff's pending motion for summary judgment (ECF No. 18) is **MOOT**.

It is so **ORDERED**.

**SIGNED** this 21st day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE